


Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5439 | **DATE** | 3/29/2001 |
| **CASE TITLE** | Torco Holdings, Inc. et al. Vs. P&M Aircraft Co. etc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. We grant Torco's motion for reconsideration to the extent that we vacate the order of dismissal and hereby transfer this case to the United States District Court for the Eastern District of California.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | MAR 30 2001 date docketed | 18 |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail A 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TORCO HOLDINGS, INC., a Delaware )
corporation, TORCO OIL COMPANY, )
an Illinois corporation, )
 )
      Plaintiffs, )
 )
vs. ) No. 00 C 5439
 )
P&M AIRCRAFT COMPANY, INC., a )
California corporation, and MICHAEL )
POTTER, a California citizen, )
individually and d/b/a P&M AIRCRAFT )
COMPANY, )
 )
      Defendants. )

DOCKETED
MAR 3 0 2001

## MEMORANDUM OPINION AND ORDER

On January 24, 2001, this court issued an order dismissing the complaint for lack of personal jurisdiction. Torco Holdings, Inc. v. P&M Aircraft Co., Inc., 2001 WL 62601 (N.D. Ill. Jan. 25, 2001). That order was entered on January 25, 2001. On February 23, 2001, plaintiffs Torco Holdings, Inc. and Torco Oil Company (collectively "Torco") filed a motion to reconsider that decision. Since Torco's motion for reconsideration was filed more than ten days after entry of judgment, we must construe it as a motion for relief from judgment brought under Rule 60(b) of the Federal Rules of Civil Procedure. Helm v. Resolution Trust Corp., 43 F.3d 1163, 1166-67 (7th Cir. 1995).

"Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." Cincinnati Ins. Co. v. Flanders Elec. Motor Service, Inc., 131 F.3d 625, 628 (7th Cir. 1997). Under Rule 60(b) a court may grant relief from judgment only for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly

discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b). Motions "considered under Rule 60(b) must be shaped to the grounds 60(b) lists as possible bases for relief [and] ... cannot be mere general pleas for relief." Helm, 43 F.3d at 1167 n.2 (*citing* United States v. Deutsch, 981 F.2d 299, 301 (7th Cir. 1992)).

Torco does not rely on a specific provision of Rule 60(b) as the basis for its motion for reconsideration. Instead, Torco, for the most part, restates the arguments it previously raised in its briefs in opposition to defendants' motion to dismiss. The only new evidence introduced in Torco's motion for reconsideration is Torco chairman Anthony Tortoriello's affidavit stating that he was the last individual to sign the contract at issue in this case and that he did so in Illinois (Tortoriello Aff. at ¶ 2). According to Torco, Tortoriello's statement proves that the contract was executed in Illinois and not, as we stated in our prior opinion, in California. Initially, we note that Torco's affidavits and briefs on the motion to dismiss did not indicate when Tortoriello signed the contract and did not attempt to rebut or elaborate on an affidavit submitted by Michael L. Potter of P&M Aircraft Company stating that he and John F. Garrett of Torco signed the contract in Mojave, California.[1] In any event, this new fact is not enough

---

[1] Torco submitted a brief in opposition to defendants' motion to dismiss and later supplemented that filing with a surreply brief. Thus, Torco already has had ample opportunity to present evidence and arguments regarding the personal jurisdiction issue.

to tip the balance in Torco's favor, especially given the high hurdle set at this stage of the proceedings by Rule 60(b). As discussed in our prior order, the contractual relationship between the parties was based almost exclusively in California such that there is no personal jurisdiction over defendants in Illinois. Torco's motion for reconsideration does not alter that conclusion.

Torco alternatively asks that this lawsuit be transferred to the United States District Court for the Eastern District of California. Under 28 U.S.C. §§ 1406(a) and 1631, we may transfer a case to the appropriate district if we find personal jurisdiction lacking in our own district. The dispute between the parties is centered in California, and we agree with Torco that this litigation should resume in that state.

For the reasons set forth above, we grant Torco's motion for reconsideration to the extent that we vacate the order of dismissal and hereby transfer this case to the United States District Court for the Eastern District of California.

JAMES B. MORAN
Senior Judge, U. S. District Court

March 29, 2001.